IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>JORGE MUNOZ-RAMON,<br><br>              Defendant. | 8:13-CR-244<br><br>ORDER |

    This matter is before the Court on the defendant's first Motion in Limine (filing 289). The motion will be denied.

    The defendant asks the Court to exclude any testimony or evidence relating to the execution of a search warrant at an apartment on South 25th Street in Omaha. Filing 289. Specifically, police found drugs, drug records, scales, cash, and a firearm. Filing 290 at 1. The defendant argues that the evidence is irrelevant, unduly prejudicial, and improper character evidence, because "[a]lthough the residence had been rented by the Defendant, the Defendant did not reside at the residence and had no knowledge about the items found at the residence." Filing 290 at 1.

    The defendant is free to make that argument, but the government is likely to present evidence to the contrary. At the hearing on the defendant's previous motion to suppress, one of the police officers who had contact with the defendant after arrest testified that the defendant had been seen at the apartment, and that the defendant took the police to the apartment after being arrested as part of "point[ing] out locations that he knew of as to other members involved with this drug trafficking organization." Filing 225 at 18, 28-29. And according to the government's trial brief, the government intends to present further evidence connecting the defendant to the apartment and the evidence found there. *See* filing 293 at 1-4.

    Such testimony would, if offered again at trial,[1] serve to lay adequate foundation for the evidence found at the apartment. To begin with, the standard for relevancy is low. *United States v. Holmes*, ___ F.3d ___, 2014 WL 1876127, at *2 (8th Cir. May 12, 2014). Evidence is relevant if it has *any*

---

[1] Of course, evidentiary rulings made on a motion in limine are preliminary and may change depending on what actually happens at trial. *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1113 (8th Cir. 2000).

tendency to make a consequential fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. The defendant is charged with conspiring to distribute methamphetamine, and the presence of methamphetamine at an apartment rented by the defendant makes that allegation more likely.

Such evidence is, in fact, highly relevant, which is why the defendant's Fed. R. Evid. 403 argument also fails. The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice. *See* Fed. R. Evid. 403. But unfair prejudice under Rule 403 means an undue tendency to suggest decision on an improper basis. *United States v. Condon,* 720 F.3d 748, 755 (8th Cir. 2013). Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning. *Id.* Unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. *United States v. Iron Hawk,* 612 F.3d 1031, 1040 (8th Cir. 2010). Evidence is not unfairly prejudicial merely because it tends to prove a defendant's guilt. *United States v. Zierke,* 618 F.3d 755, 759 (8th Cir. 2010).

And contrary to the defendant's suggestion, evidence that drugs were found in an apartment rented by the defendant would not be an improper basis for finding the defendant guilty. It would be direct evidence of the charged offense. The defendant can question whether the government has sufficiently proven the defendant's awareness of what was in the apartment—but that goes to the weight of the evidence, not its admissibility.

The defendant's final argument is based on Fed. R. Evid. 404(b), but it's a little hard to follow. Rule 404 generally prohibits introducing evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case. *United States v. Young,* ___ F.3d ___, 2014 WL 2134579, at *4 (8th Cir. May 23, 2014) (quoting *Huddleston v. United States,* 485 U.S. 681, 685 (1988)). But here, the defendant's argument is still that he had no knowledge or connection to the items found at the apartment. It is hard to see how Rule 404(b) is supposed to apply when, according to the *defendant's* argument, the evidence doesn't show anything about the defendant's character.

But there is a more important reason that Rule 404(b) does not apply: Rule 404(b) only applies to the admission of wrongful-act evidence that is extrinsic to the charged offense. The rule does not prevent admission of other wrongful conduct that is intrinsic to the charged offense. *United States v. Brooks,* 715 F.3d 1069, 1076 (8th Cir. 2013). Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing

the context in which the charged crime occurred. *Id.* Crimes or acts which are inextricably intertwined with the charged crime are not extrinsic and Rule 404(b) does not apply. *Buchanan v. United States*, 714 F.3d 1046, 1047-48 (8th Cir. 2013); *see, United States v. Big Eagle*, 702 F.3d 1125, 1131 (8th Cir. 2013); *United States v. Shores*, 700 F.3d 366, 370-71 (8th Cir. 2012).

And in this case, the evidence found through execution of the search warrant tends to suggest that the apartment was being used by a drug conspiracy. The defendant's lease of the apartment, and other evidence that the government is likely to adduce, serves to connect the defendant to the apartment and the conspiracy. In other words, the evidence at issue is intrinsic to the charged crime, and Rule 404(b) does not apply. *See, e.g.*, *Big Eagle*, 702 F.3d at 1131; *Shores*, 700 F.3d at 370-71.

IT IS ORDERED that the defendant's first Motion in Limine (filing 289) is denied.

Dated this 20th day of June, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge