IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-244 |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| JORGE MUNOZ-RAMON, | |
| Defendant. | |

The superseding indictment in this case (filing 141) charged the defendant with conspiring to distribute or possess with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841 and 846. The superseding indictment contained a forfeiture allegation pursuant to 21 U.S.C. § 853, seeking the forfeiture of, among other things, $772.00 and $4,000.00 in United States currency seized from an apartment involved in this case and $396.00 in United States currency seized from the defendant. Filing 141 at 3.

A jury found the defendant guilty. The parties were asked whether either would request a jury determination of forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(5), and neither party made such a request. The parties were also asked whether either would request a hearing or offer additional evidence or information relevant to forfeiture pursuant to Rule 32.2(b)(1)(B); neither party requested a hearing, and both parties stated that they would submit the issue on the trial record. The matter of forfeiture is, therefore, submitted to the Court on the evidence already in the record. *See* Fed. R. Crim. P. 32.2(b)(1)(B).

The Court finds that the following properties are subject to forfeiture:

1. $772.00 and $4,000.00 in United States currency; and

2. $396.00 in United States currency.

The evidence presented at trial showed that the currency was found in a small apartment being used to run a methamphetamine distribution scheme. Large amounts of methamphetamine were found in the apartment, along with a firearm and an apparent drug ledger. The jury found that the defendant was a member of the conspiracy to distribute methamphetamine.

There was no evidence that the defendant acquired any of this money in a lawful manner. Thus, the Court finds that the amounts of currency described above were proceeds obtained directly or indirectly from violations of 21 U.S.C. §§ 841 and 846, and that the defendant's interest in the property is subject to forfeiture.

THEREFORE, IT IS ORDERED:

1. The plaintiff is authorized to seize the property described above.

2. The defendant's interest in the property is forfeited to the plaintiff for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n)(1).

3. The property is to be held by the plaintiff in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the plaintiff shall publish for at least 30 consecutive days on an official Internet government forfeiture site (www.forfeiture.gov) notice of this order, notice of publication evidencing the plaintiff's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. Such published notice shall state that the petition referred to in paragraph 4, above, shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property and any additional facts supporting the petitioner's claim and relief sought.

6. The plaintiff may also, to the extent practicable, provide direct written notice to any person known to have alleged

an interest in the property as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 27th day of June, 2014.

BY THE COURT:

John M. Gerrard
United States District Judge