IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JORGE MUNOZ-RAMON,<br><br>    Defendant. | 8:13-CR-244<br><br>TENTATIVE FINDINGS |

  The Court has received the revised presentence investigation report (PSR) in this case. The defendant has objected to the PSR and moved for a variance.

  IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)  give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)  resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c)  impose upon the United States the burden of proof on all Guidelines enhancements;

   (d)  impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e)  depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has raised several objections to the PSR. He first objects to the PSR's recommendation that he be held accountable for approximately 5 pounds of methamphetamine (actual) that was found in an apartment being used as a stash-house by his co-conspirators. PSR at ¶¶ 27–37, 44. The Court tentatively finds the defendant's objection to be without merit.

  The methamphetamine in question was found in an air duct in an Omaha apartment. PSR at ¶ 33. The apartment had been rented by the defendant, and the lease was in his name, although he apparently did not reside there. Instead, the defendant had rented the apartment at the direction of his co-conspirator and supplier, Luis Meza-Galvez, who was using it as a stash-house. PSR at ¶¶ 30, 31, 33, 37. The defendant was observed going to the apartment on several occasions and admitted dropping off money at the apartment to pay drug debts. PSR at ¶ 34.

  When he was arrested, the defendant admitted that he had been distributing methamphetamine for 10 weeks, and that Meza-Galvez was his sole supplier. He also admitted that he had received methamphetamine from Meza-Galvez on three occasions, in half-pound and pound quantities, for a total of 2.5 pounds of methamphetamine (mixture). PSR at ¶ 27. The defendant has not objected to the PSR's inclusion of these quantities.[1]

  The defendant argues that the methamphetamine found in the apartment should not be attributed to him because the government did not prove he had access to or knew about the drugs. The defendant points to another co-conspirator's testimony that the defendant had access to drugs inside a locked safe in the apartment, and argues that

---

[1] The defendant has proposed an alternative calculation—which yields a slightly higher base offense level than these quantities alone. *See* filing 352 at 3–4. But he has not actually objected to the quantities calculated in paragraph 27 of the PSR. And even leaving aside these quantities, the 5 pounds of actual methamphetamine is sufficient to yield the PSR's recommended base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1).

"[i]t makes no sense to keep other drugs hidden from Defendant rather than kept in a locked safe that Defendant had access to if Defendant was responsible [for] or had any involvement with the five pounds." Filing 352 at 3.

In a drug conspiracy case, the district court may consider amounts from drug transactions in which the defendant was not directly involved if those dealings were part of the same course of conduct or scheme. *United States v. Walker*, 688 F.3d 416, 421 (8th Cir. 2012). The court may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy. *Id.*

The Court infers from the evidence that the defendant did, in fact, know about the methamphetamine in the apartment. But even if he did not know, he should have reasonably foreseen that additional quantities of methamphetamine were being stored at the apartment. The defendant was receiving large quantities of methamphetamine from Meza-Galvez—up to a pound at a time. After selling half a pound, he returned to Meza-Galvez and obtained another pound; once he had sold that, he returned and obtained another pound. Based on these dealings, the defendant could reasonably have foreseen that additional methamphetamine was being stored at the apartment. That is the point of a stash-house.

The defendant knew the apartment was a stash-house—he delivered money there to pay drug debts, and he knew that Meza-Galvez was storing methamphetamine there. And by renting the apartment for his supplier, the defendant facilitated the conspiracy to distribute the methamphetamine kept there. The Court is not impressed by the fact that some methamphetamine was kept in an air duct, while some was kept in a safe. The fact that Meza-Galvez "diversified his holdings" in this manner is not surprising—the safe would be the first place anyone searching for drugs (or money) would think to look, whether it be the police or a robber. In sum, the Court tentatively finds that the PSR's drug quantity determination is accurate.

The defendant next objects to the PSR's recommendation that he should not receive credit for acceptance of responsibility. But this case does not present the "rare situation" where the defendant has demonstrated that he is entitled to a reduction for acceptance of responsibility in spite of the fact that he proceeded to trial. *See* U.S.S.G.

§ 3E1.1 cmt. n.2. The Court's tentative finding is that the defendant has not demonstrated acceptance of responsibility for his offense.

The defendant has also moved for a variance, on several grounds. First, he argues that a variance is warranted based on the § 3553(a) factors. Next, the defendant asks the Court to vary downward by two levels based upon the proposed amendments to the offense levels associated with the Drug Quantity Table. Filing 59. The Court will resolve both of these matters at sentencing.

Finally, the defendant urges the Court to exercise its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007), to categorically reject U.S.S.G. § 2D1.1 as it applies to cases involving methamphetamine. The Court acknowledges its discretionary authority to vary based exclusively on a policy disagreement with a particular guideline, *Kimbrough*, 552 U.S. at 109, but is not persuaded to do so in this case.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of September, 2014.

BY THE COURT:

_____
John M. Gerrard
United States District Judge