IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:13-CR-244 |
| vs. | |
| JORGE MUNOZ-RAMON, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 414) filed by the defendant, Jorge Munoz-Ramon. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

    A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was charged with one count of conspiring to distribute 500 grams or more of a mixture containing methamphetamine, in violation of § 21 U.S.C. § 841(a)(1). Filing 141 at 1. Through counsel, he filed a pretrial motion to suppress uncounseled statements he made to law enforcement, contending that he had not been read his *Miranda* rights. Filing 204. The Magistrate Judge found that the defendant had been read a *Miranda* advisory, and recommended that the motion to suppress be denied. Filing 213. The defendant objected to the Magistrate Judge's findings and recommendation, filing 229, but after a *de novo* review, the Court adopted the findings and recommendation and denied the motion to suppress, filing 239.

The case proceeded to a jury trial. *See*, filing 379; filing 380; filing 381. The jury found the defendant guilty of conspiring to distribute or possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Filing 324 at 2. A presentence report was prepared finding that the defendant's base offense level was 38, based in part on 5 pounds of methamphetamine found at an apartment near 25th and G Streets in Omaha. Filing 364 at 6-7. The presentence report also found that the defendant was not entitled to a downward departure for acceptance of responsibility. Filing 364 at 9. The presentence report concluded that with a total offense level of 38, and a criminal history category of I, the sentencing guideline range was 235 to 293 months. Filing 364 at 14.

The defendant objected to the presentence report arguing, among other things, that he should not be held accountable for the drugs seized at the apartment, and that he should receive credit for acceptance of responsibility. Filing 350. The defendant also moved for a downward variance. Filing 351. The Court tentatively found that the presentence report was accurate. Filing 355 at 3-4. The defendant objected to that tentative finding. Filing 358. But the Court found that the drugs found at the apartment were at least foreseeable to the defendant. Filing 382 at 7-8. And, the Court found, this was not the "rare situation" where a defendant could receive credit for acceptance of responsibility despite going to trial. Filing 382 at 12-13. The Court overruled the defendant's objections and adopted the presentence report, filing 368 at 1, and overruled his motion for a downward variance, filing 382 at 25. But the Court varied downward pursuant to the Department of Justice's policy during the interim period before Amendment 782 to the United States Sentencing Guidelines became effective, *see* filing 368 at 3, and imposed an adjusted "guideline" sentence of 188 months' imprisonment, filing 367 at 2.

The defendant appealed. Filing 369. On appeal, he asserted that the Court had erred in denying his motion to suppress, admitting evidence that

contained Spanish-language writing, attributing to him the drugs found in the apartment, denying him an adjustment for acceptance of responsibility, and denying a downward variance. Brief for Appellant, *United States v. Munoz-Ramon,* 614 F. App'x 857 (8th Cir.), *cert. denied,* 136 S. Ct. 700 (2015) (No. 14-3489), 2014 WL 7503771. But the Eighth Circuit affirmed the defendant's conviction and sentence. *Munoz-Ramon,* 614 F. App'x 857. The defendant moved for rehearing, which was denied. *See* filing 407. The defendant petitioned for a writ of certiorari, which was also denied. *See,* filing 410; filing 411; *see also Munoz-Ramon,* 136 S. Ct. 700.

## DISCUSSION

The defendant's motion for postconviction relief asserts six assignments of error allegedly occurring at trial:

- Ineffective assistance of counsel,
- Denial of his motion to suppress evidence,
- Admission at trial of evidence containing Spanish-language writing,
- Holding him responsible for drug weight found at the 25th and G apartment,
- Denying him an adjustment of acceptance of responsibility, and
- Failing to vary downward from the Sentencing Guidelines range.

Filing 414 at 4-8; filing 415 at 10-11. The Court finds all of these claims to be without merit, and will deny the defendant's motion for postconviction relief.

### INEFFECTIVE ASSISTANCE OF COUNSEL

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States,* 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the

- 3 -

proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

The defendant's first argument is that the first attorneys he was assigned "failed to present any defense to secure mitigation evidence that resulted in representation that fell below any objective standard of reasonableness[.]" Filing 415 at 3. It is not clear to the Court what exactly that means. Vague, conclusory allegations do not merit an evidentiary hearing. *See United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995); *see also Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Furthermore, the defendant does not explain what that "mitigation evidence" might have been, so he has not alleged any facts from which it could be inferred that he was prejudiced. And finally, the attorneys to whom he specifically refers on this point were only his counsel for his arraignment and a detention hearing. They moved to withdraw, based on conflicts with the defendant, and the defendant's eventual trial counsel was appointed. *See,* filing 159; filing 161; filing 162. The defendant does not identify how he was ultimately prejudiced by any alleged deficient performance during that phase of the proceeding, and the Court can discern no prejudice.

Next, the defendant argues that trial counsel "failed to subject the Government's witnesses to vigorous cross examination[.]" Filing 415 at 3. This conclusory assertion does not warrant an evidentiary hearing: the defendant does not identify any specific question he believes should have been asked, or even which witness he thinks should have been cross-examined more vigorously. And the trial record establishes that trial counsel mounted a robust defense, particularly considering the strength of the evidence against the defendant. *See,* filing 379; filing 380; filing 381. The defendant has alleged no facts suggesting deficient performance or prejudice in his cross-examination.

The defendant also argues that trial counsel "failed to object to constant and persistent leading questions and improper questions posed by the prosecution of the [confidential informant] making absolutely no objections during the Government's direct examination of it's [sic] confidential informant[.]" Filing 415 at 3. Again, the defendant does not identify any particular question he believes should have been objected to, so he has alleged no facts from which prejudice can be inferred. The record also contradicts the defendant's assertion: counsel plainly did object at several

- 4 -

points during the government's direct examination of its confidential informant. *See, e.g.*, filing 380 at 90, 98, 102, 108, 115.

In any event, leading questions are not impermissible *per se*: they should not be used on direct examination "except as necessary to develop the witness's testimony." Fed. R. Evid. 611(c); *see United States v. Fenner,* 600 F.3d 1014, 1022 (8th Cir. 2010). And based on the Court's review of the trial testimony, the Court cannot say that the defendant was prejudiced by any leading questions: it is apparent to the Court that any leading questions were primarily used to clarify the intent of the question, not suggest a desired answer or provide information the witness did not already have. *See*, *United States v. Wright,* 540 F.3d 833, 844-45 (8th Cir. 2008); *United States v. Anderson,* 446 F.3d 870, 876 (8th Cir. 2006). The defendant has not identified deficient performance or prejudice on this point.

Next, the defendant asserts that trial counsel "failed to request a jury charged [sic] pertaining to [the defendant's] failure to testify at trial, and that it should not have been counted against him[.]" Filing 415 at 3. That is incorrect. Counsel asked the Court to give the Eighth Circuit pattern instruction regarding the defendant's decision not to testify. Filing 299 at 2. And the jury was specifically instructed: "There is no burden upon the defendant to prove that he is innocent. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict." Filing 321 at 10. There was neither deficient performance nor prejudice on this point.

The defendant's next argument is that counsel "failed to vigorously object to . . . unknown evidence in a foreign language presented to the jury for deliberation[.]" Filing 415 at 3. This is a reference to accounting ledgers found in the apartment containing Spanish-language notes, not all of which were translated for the jury. But trial counsel did object to the notebooks, and the Court overruled the objection. Filing 380 at 239-42. While the Eighth Circuit reviewed that decision for plain error, it found "no error—much less plain error—in the district court's decision to admit the notebooks." *Munoz-Ramon,* 614 F. App'x at 860-61. Even assuming that counsel performed deficiently when he objected to the evidence, the defendant was not prejudiced by it.

The defendant's final ineffective assistance of counsel contention is that counsel's "legally unsound trial strategy clearly resulted in a guilty verdict following the trial." Filing 415 at 3. But the defendant does not allege any facts to support this conclusion. He does not explain what he thinks was "legally unsound" about the trial strategy, or how that strategy (as opposed to the considerable evidence against him) resulted in his conviction. It is also noteworthy that at the *Missouri v. Frye* hearing held before trial, the defendant agreed that a plea agreement was offered to him, but he wanted to

proceed to trial. Filing 379 at 48-50. And, the defendant said, he was "fully satisfied with the representation" that counsel was providing. Filing 379 at 49. The Court finds that declaration to carry a "strong presumption of verity" posing a "formidable barrier" in this subsequent collateral proceeding. *Cf. Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997).

In other words, the record before the Court suggests that it was the defendant who decided to proceed to trial, and that the defendant was satisfied with his counsel at that time. In the absence of any explanation for why the defendant now believes that his trial strategy was flawed, or any scenario in which a different strategy would have produced a different result, there is nothing in the defendant's motion which would be sufficient for a finding of either deficient performance or prejudice. The defendant's ineffective assistance of counsel claim is without merit.

### MOTION TO SUPPRESS

The defendant claims that the Court erred in failing to grant his pretrial motion to suppress. Filing 415 at 4. Essentially, he reasserts his contention that he was not advised of his *Miranda* rights. *See* filing 414 at 5.

There are two problems with this claim. First, the Court's finding that the defendant *had* been read his *Miranda* rights was, and is, based on credible evidence. *See* filing 239. The defendant is essentially trying to collaterally attack his conviction relying on the same testimony the Court found unpersuasive the first time. But that implicates the other problem with this claim: the defendant raised it before trial, and raised it on direct appeal, to no avail. *Munoz-Ramon,* 614 F. App'x at 859-60. And claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to § 2255. *Davis v. United States,* 673 F.3d 849, 852 (8th Cir. 2012); *see United States v. Lee,* 715 F.3d 215, 224 (8th Cir. 2013).

### FOREIGN-LANGUAGE EVIDENCE

Next, the defendant reasserts his claim that the Court erred in permitting the ledgers found at the apartment into evidence, because they contained untranslated Spanish-language writing. Filing 415 at 6-8. But to support this claim, he simply alleges that "this unknown information . . . clearly tainted the verdict of the jury . . . ." Filing 414 at 7. The problem with that allegation is that if the evidence is "unknown," then there are no facts to support the conclusion that it affected the jury's verdict.

In § 2255 cases, the petitioner is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief, but a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face. *Payne v. United States,* 78 F.3d 343, 347 (8th Cir. 1996). The defendant's

claim here is inadequate because, even if accepted as true, his allegations establish neither actual innocence nor actual prejudice; that is, that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002); *see United States v. Frady*, 456 U.S. 152, 169 (1982); *see also Anderson v. United States*, 25 F.3d 704, 706-07 (8th Cir. 1994). No prejudice can be inferred from a wholly speculative allegation that "unknown" information might have been provided to the jury.

And, of course, this claim was presented to the Eighth Circuit on appeal, and rejected by that court. *Munoz-Ramon*, 614 F. App'x at 860-61. Accordingly, it cannot be relitigated pursuant to § 2255. *See*, *Lee*, 715 F.3d at 224; *Davis*, 673 F.3d at 852.

### SENTENCING ERRORS

The defendant raises several issues relating to his sentencing. First, he claims that the Court erred in holding him accountable for drug weight found at the 25th and G apartment. Filing 415 at 8. Essentially, he rehashes the evidence that, he says, did not demonstrate he had a connection to the apartment and the drugs. Filing 415 at 8-10. But there are three problems with that claim. First, as with the defendant's previous claims, he presented this claim on appeal and the Eighth Circuit rejected it. *Munoz-Ramon*, 614 F. App'x at 861. So, it cannot be relitigated pursuant to § 2255. *See*, *Lee*, 715 F.3d at 224; *Davis*, 673 F.3d at 852. Second, even if it could be relitigated, the evidence supporting the Court's findings is as persuasive now as it was then. *See* filing 355 at 2-3. The defendant has alleged nothing that would clear the higher bar set on collateral review.

But finally, even if this claim was not procedurally defaulted, it would not be cognizable pursuant to § 2255. The defendant's argument is simply that the Court erred in calculating the guideline range before sentencing him. And the Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). In sentencing, a "miscarriage of justice" is cognizable under § 2255 when the sentence is in excess of that authorized by law, *i.e.*, imposed without, or in excess of, statutory authority. *Sun Bear*, 644 F.3d at 705-06. In other words, the Eighth Circuit has concluded that absent some sort of Constitutional violation, a sentence that is within the statutory range cannot be challenged pursuant to § 2255. *See Sun Bear*, 644 F.3d at 706. The defendant's claim of error in the drug weight calculation does not warrant § 2255 relief.

The defendant's remaining arguments are subject to the same reasoning: he contends that the Court should have given him a downward adjustment for acceptance of responsibility, and should have varied downward from the Guidelines range. Filing 415 at 10-14. But those claims were raised and rejected on direct appeal, *see Munoz-Ramon*, 614 F. App'x at 861, and are procedurally defaulted, *see Davis,* 673 F.3d at 852. And they are claims of ordinary sentencing error that are not cognizable under § 2255.[1] *See Sun Bear*, 644 F.3d at 704-06.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could

---

[1] The defendant also contends, briefly, that the Court erred in "allowing the admission of the highly prejudicial drug weight that [he] was accountable for . . . ." Filing 415 at 3. To the extent he is referring to permitting that evidence to go before the jury, his argument is without merit. First, the evidence clearly supported his connection to—and therefore, the relevance of—the drugs. And second, he was not prejudiced by the admission, because the question posed to the jury was simply whether the defendant was responsible for more than 500 grams of a mixture or substance containing methamphetamine. *See* filing 324 at 2. The defendant's own statement established far more than that amount, even without considering the drugs from the apartment, and the defendant does not deny his connection to that amount. *See* filing 364 at 6.

resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 414) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 4th day of November, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge